## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**Houston Byrd, Jr.,**

      **Plaintiff,**

**-v-**
                                                   **Case No. 2:12-cv-00638**
                                                   **JUDGE SMITH**
                                                   **Magistrate Judge Norah King**

**American Arbitration Association,** *et al.*,

      **Defendants.**

### OPINION AND ORDER

Plaintiff Houston Byrd, Jr. initiated this action against Defendants alleging that the final

binding decision of an arbitration between the parties was fundamentally flawed and that the

American Arbitration Association ("AAA") failed to correct an unjust process. This matter is

before the Court on Defendants' Motion to Dismiss (Doc. 4). Plaintiff responded to Defendants'

Motion to Dismiss by filing a Motion for Summary Judgment (Doc. 8), and Motion for

Injunction and Restraining Order (Doc. 7). For the reasons that follow, Defendants' Motion is

**GRANTED** and, consequently, Plaintiff's Motions are **DENIED**.

### I.  BACKGROUND

In January 2006, Plaintiff Houston Byrd, Jr., entered into a Promissory Note and

Security Agreement with an unnamed party (Compl. ¶ 2). The Promissory Note contained a

provision requiring Mr. Byrd and the unnamed party to arbitrate any disputes arising out of the

Promissory Note. *Id. at 1, Ex. 1*. This Arbitration Provision listed the American Arbitration

Association ("AAA") as one of two organizations that could administer the arbitration process,

and provided that any arbitration proceeding "shall be governed" by the Federal Arbitration

Association ("FAA"). *Id.* at 1-2.

On August 22, 2011, Mr. Byrd submitted a request for Arbitration to the AAA. *Id.* at 3. On October 5, 2011, the AAA acknowledged the request and notified all respective parties. *Id.* On March 13, 2012, the arbitrator rendered a final decision. *Id.* at 2, 3. Mr. Byrd moved to reopen the arbitration after the arbitrator's final and binding decision. *Id.* at 3. He submitted three written motions and one written request to the AAA. *Id.* at 3, Ex. 1.

On March 14, 2012, Mr. Byrd filed a Motion for Objection and Findings of Fact. *Id.* at 3, Ex. 2.  On March 16, 2012, Mr. Byrd submitted a Motion for Reconsideration. *Id.* at 3.  On April 4, 2012, Mr. Byrd submitted a motion for the status of the aforementioned motions. *Id.*  On April 5, 2012, Mr. Byrd submitted a request for an outside arbitrator to address the Motion for Objection and Findings of Fact.   In response to these motions and requests, Mr. Germani, the AAA's manager of ADR services, informed Mr. Byrd that the AAA did not possess the adjudicatory power to address his grievances and that an outside arbitrator would not be appointed. *Id.* at 3.

On July 17, 2012, Mr. Byrd proceeded to file this *pro se* action against both the AAA and Mr. Germani. *Id.* at 4. Mr. Byrd alleges that the arbitration was fundamentally flawed on fact and law, and that the AAA, through Mr. Germani's e-mail message, contravened Mr. Byrd's rights under the FAA by failing to correct an unjust process. (Doc. 2-1 at 2). Mr. Byrd claims that Mr. Germani's actions were biased and violated his civil and statutory rights, for which he seeks both compensatory and punitive damages. *Id.*

Defendants AAA and John Germani move this court to dismiss Plaintiff's Complaint. (Doc. 4).  Defendants argue that the Complaint should be dismissed because any alleged failure

to respond to post-decision objections to a final arbitration award does not constitute a violation

of the FAA.  Plaintiff responded by moving for Summary Judgment (Doc. 8), and for an

Injunction and Restraining Order against Defendants. (Doc. 7). These motions are fully briefed

and ripe for review.

## II.  STANDARDS OF REVIEW

### A.      Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to

state a claim upon which relief can be granted."  A Rule 12(b)(6) motion to dismiss is directed

solely to the complaint and any exhibits attached to it.  *Roth Steel Prods. v. Sharon Steel Corp.*,

705 F.2d 134, 155 (6th Cir. 1983).  The merits of the claims set forth in the complaint are not at

issue on a motion to dismiss for failure to state a claim.  Consequently, a complaint will be

dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the

facts alleged are insufficient to state a claim, or if on the face of the complaint there is an

insurmountable bar to relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.

1978).  Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil

Procedure, which requires the complaint to contain a "short and plain statement of the claim

showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the

light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations.

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  Although in this context all of the

factual allegations in the complaint are taken as true, a court is "not bound to accept as true a

legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007).  Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain

sufficient factual matter to "state a claim to relief that is plausible on its face."  *Twombly*, at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, at

678.  While a complaint need not contain "detailed factual allegations," its "factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true."  *Twombly*, at 555.  "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged

– but it has not 'show[n]' – 'that the pleader is entitled to relief.' "  *Iqbal*, at 679 (quoting Fed. R.

Civ. P. 8(a)(2)).  In the final analysis, the task of determining plausibility is "context-specific

[and] requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

**B.      Motion for Summary Judgment**

The standard governing summary judgment is set forth in Rule 56 of the Federal Rules of

Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is appropriate,

however, if the nonmoving party fails to make a showing sufficient to establish the existence of

an element essential to that party's case and on which that party will bear the burden of proof at trial. *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.,* 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must view all the facts, evidence and any inferences that may permissibly be drawn from the facts, in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587. The Court will ultimately determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-53. Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). The Court's duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249; *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Liberty Lobby*, 477 U.S. at 257). The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Liberty Lobby*, 477 U.S. at 252. The nonmoving party must present "significant

probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).  The Court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. *Liberty Lobby*, 477 U.S. at 251-52; *see also Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479-80.  That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

**C.     Motion for Preliminary Injunction and Restraining Order**

To determine whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir.2000) (citing *McPherson v. Michigan High Sch. Athletic Ass'n,* 119 F.3d 453, 459 (6th Cir.1997) (*en banc* )). These factors are not prerequisites, but are factors that are to be balanced against each other. *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.,* 163 F.3d 341, 347 (6th Cir.1998) (citation omitted). A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. *Leary,* 228 F.3d at 739 (citations

-6-

omitted).

## III.  DISCUSSION

**A.      Motion to Dismiss**

Defendants argue that Plaintiff's Complaint must be dismissed for three independent reasons. First, Defendants argue that Mr. Byrd cannot collaterally attack the arbitration award because the exclusive remedy for challenging the award is the framework established by the Federal Arbitration Act (FAA). Second, Defendants assert that because organizations sponsoring arbitration are immune to liability for all acts within the scope of the arbitral process, the AAA and Mr. Germani are entitled to arbitral immunity for their administrative roles in the underlying arbitration. Finally, Defendant Germani argues that the Court lacks personal jurisdiction over him in his individual capacity.

**1.      Collateral Attack**

The AAA and Mr. Germani argue that Plaintiff's Complaint must be dismissed on the ground that Mr. Byrd cannot collaterally attack the arbitration award.  Defendants contend that the exclusive remedy for challenging the arbitration award is the framework established by the Federal Arbitration Act (FAA), and that Mr. Byrd failed to follow the proper procedure under the FAA for challenging the underlying arbitration decision. Defendants maintain that Mr. Byrd's suit against the AAA and Mr. Germani is an improper collateral attack on an arbitration award.

Congress enacted the FAA to ensure that the courts uphold private arbitration agreements, and the FAA "provides the exclusive remedy for challenging conduct that taints an arbitration award" within the Act's coverage.  *Decker v. Merrill Lynch, Pierce, Fenner & Smith,*

205 F.3d 906, 909 (6th Cir. 2000) (quoting *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211 (6th Cir. 1982)). Accordingly, where a suit is in substance no more than a collateral attack on the award itself, it is governed by the provisions of the Act. *Corey*, 691 F.2d at 1211-13. Under the FAA, an arbitrator's award is binding on the parties "unless they challenge the validity of the underlying contract to arbitrate under section 2 of the FAA or seek to vacate, modify, or correct the award under sections 10 or 11." The FAA does not authorize appealing an arbitrator's decision directly to the AAA.

The Sixth Circuit has held that "where a party files a complaint in federal court seeking damages for an alleged wrongdoing that compromised an arbitration award and caused the party injury, it is 'no more, in substance, than an impermissible collateral attack on the award itself.'" *Decker*, 205 F.3d at 910 (quoting *Corey*, 691 F.2d at 1211-12). For example, in *Corey*, the Sixth Circuit affirmed dismissal of a complaint filed by a dissatisfied arbitration claimant against the New York Stock Exchange, acting in its capacity as the sponsor of an underlying arbitration proceeding. The Sixth Circuit acknowledged both that the complaint had been filed against a different defendant than the original adversary in arbitration and that the complaint requested damages instead of vacatur or modification of the arbitration award; however, the court concluded that the suit was, in effect, no more than a collateral attack on the award. *Corey*, 691 F.2d at 1211-13. *See also Jason v. American Arbitration Ass'n, Inc.*, No. Civ.A. 02-474, 2002 WL 1059005, at *2 (E.D. La. May 23, 2002) (dismissing a complaint directly against the AAA for its administration of an arbitration proceeding as an improper collateral attack); *Slaughter v. American Arbitration Ass'n*, No. 2:10-CV-01437-KJD-GWF, 2011 WL 2174403, at *3-4 (D. Nev. June 2, 2011) (dismissing a complaint alleging due process violations against the AAA as

an improper collateral attack on an arbitration decision).

Mr. Byrd's claims constitute a collateral attack against the award even though he is currently suing a different defendant than his original adversary in the arbitration proceeding. Mr. Byrd's complaint has "no purpose other than to challenge the very wrongs affecting the award for which review is provided under section 10 of the Arbitration Act." *Corey*, 691 F.2d at 1213. Mr. Byrd maintains that Mr. Germani's alleged wrongdoing tainted the arbitration proceedings resulting in an erroneous award against him. But, "where a party files a complaint in federal court seeking damages for an alleged wrongdoing that comprised an arbitration award and caused the party injury, it 'is no more, in substance, than an impermissible collateral attack on the award itself.'" *Decker*, 205 F.3d at 910 (quoting *Corey*, 691 F.2d at 1211-12). As the Sixth Circuit has made clear, any attempt to hold the AAA and Mr. Germani liable for their administrative actions represents an improper collateral attack on an arbitration award.

Mr. Byrd could have pursued the relief sought "by filing a motion to vacate the arbitration award under the FAA by claiming that the arbitration awards were procured by undue means, that the arbitrators were guilty of misconduct by refusing to hear pertinent evidence, and/or that the arbitrators exceeded their powers." *Nazar v. Wolpoof & Abramson, LLP,* 530 F. Supp.2d 1161, 1169 (D. Kan. 2008). Byrd failed to pursue this exclusive remedy under the FAA to challenge the conduct allegedly tainting the arbitration award, and he may not collaterally attack those awards in the alternative. *See, e.g.*, *Decker*, 205 F.3d at 909 (an independent action asserting tortuous interference and breach of contract claims was impermissible collateral attack on arbitration award).

As such, Mr. Byrd's claims constitute an impermissible collateral attack on the

underlying arbitration award. Accordingly, the Court will grant Defendants' Motion to Dismiss the Complaint.

### 2.       Arbitral Immunity

Defendants argue as an alternative theory that the AAA, as a sponsoring board, and Mr. Germani, acting in his capacity as an administrative employee, are entitled to the protection of arbitral immunity.  Arbitrators and the boards that sponsor arbitration are immune from civil liability for acts arising out of a contractually agreed-upon proceeding.  *See Corey v. New York Stock Exch.*, 691 F.2d 1205, 1208-09 (6th Cir. 1982); *Int'l Union v. Greyhound Lines, Inc.*, 701 F.2d 1181, 1185 (6th Cir. 1983); *Cort v. American Arbitration Ass'n*, 795 F. Supp. 970, 973 (N.D. Cal. 1992).  Here, Mr. Byrd's Complaint attempts to enforce civil liability for the AAA's alleged acts or omissions during a contractually agreed-upon arbitration proceeding.

Federal policy strongly favors the resolution of disputes through arbitration. *See Corey*, 691 F.2d at 1211. Because arbitrators are essential actors in furtherance of that policy, "arbitral immunity is essential to protect the decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." *See id.* Arbitral immunity serves an important, two-fold purpose: to protect arbitrators from suit, and to ensure that there is a body of individuals willing to perform the service. *Cort*, 795 F. Supp. at 973.

To facilitate these goals and policies, the Sixth Circuit found that the "[e]xtension of arbitral immunity to encompass boards which sponsor arbitration is a natural and necessary product of the policies underlying arbitral immunity; otherwise the immunity extended to arbitrators is illusory." *See Corey*, 691 F.2d at 1211. The failure to extend immunity to sponsoring boards, such as the AAA, could discourage organizations from sponsoring future

-10-

arbitrations, directly undercutting the federal policy favoring arbitration of disputes. *See New England Cleaning Services, Inc. v. American Arbitration Ass'n*, 199 F.3d 542, 546 (1st Cir. 1999).  Arbitral immunity attaches to "all acts within the scope of the arbitral process," including normal administrative functions. *See Galuska v. New York Stock Exchange,* 210 F.3d 374, 374 (7th Cir. 2000) (citing *Olson v. National Ass'n of Securities Dealers*, 85 F.3d 381, 382 (8th Cir. 1996)).

Mr. Byrd argues that Mr. Germani's e-mail indicating the AAA could not provide Mr. Byrd with relief violates the FAA. Defendants contend that Mr. Germani's e-mail, written in response to Mr. Byrd's filings, is an administrative act to which arbitral immunity attaches. The Court agrees that Defendants are entitled to the protections of arbitral immunity.

### 3. Personal Jurisdiction over Mr. Germani

Having found Plaintiff's Complaint must be dismissed based on the above grounds, the Court need not address Defendants' final argument.

### B. Plaintiff's Motion for Summary Judgment and Motion for Preliminary Injunction

Plaintiff's Motion for Summary Judgment does not make the factual assertions necessary to prevail under Federal Rule of Civil Procedure 56. Plaintiff's motion is a mere recitation of the summary judgment standard and does not establish the absence of any genuine issue of material fact. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment.

Plaintiff's Motion for Preliminary Injunction pertains to discovery matters and requests Defendants refrain from destroying documents. However, having dismissed Plaintiff's claim against Defendants, Plaintiff's relief sought is now moot.

## IV.  DISPOSITION

Based on the aforementioned discussion, the Court **GRANTS** Defendant's Motion to Dismiss. Accordingly, Plaintiff's motions are denied.

The Clerk shall enter final judgment in favor of Defendants, and against Plaintiff, dismissing this action in its entirety with prejudice.

The Clerk shall remove this case from the Court's pending cases lists.

The Clerk shall remove Doc. 7 and Doc. 8 from the Court's pending motions list.

**IT IS SO ORDERED.**

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**